## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SUPPLY BASKET, INC.,           :
KATHERINE LINDBERG,            :
MICHAEL BARKER, &              :
MELINDA HARTLEY,               :
                               :      CIVIL ACTION NO.
         Plaintiffs,           :      1:13-CV-3220-RWS
                               :
v.                             :
                               :
GLOBAL EQUIPMENT               :
COMPANY, INC. d/b/a Global
Industrial Equipment, a subsidiary
of Systemax, Inc.,

         Defendant.

### ORDER

This case is before the Court on Plaintiffs' Emergency Motion for

Preliminary Injunctive Relief [2].  The Court held a hearing on Plaintiffs'

motion on October 21, 2013.  After considering the Parties' arguments and

written submissions, the Court enters the following Order.

### Background

The relevant facts are largely undisputed.  The individual Plaintiffs are

former employees of Defendant.  As a condition of their employment with

Defendant, Plaintiffs executed Confidentiality/Non-Solicitation/Assignment

Agreements ("Agreements").  These Agreements contain non-compete and non-disclosure covenants, as well as choice-of-law and arbitration clauses.  They do not contain a venue selection clause.  The Agreements read, in pertinent part:

> This agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflicts of law provisions.  In the event of any claim of breach or dispute regarding this Agreement, the Company may, in its sole discretion, submit such claim of breach or dispute to arbitration with the American Arbitration Association pursuant to its voluntary labor rules, which shall be binding on the parties hereto.  The Company's right to institute formal court proceedings regarding claims or disputes arising under this Agreement is in addition to, and is not limited by, the Company's right to submit any such claim or dispute to arbitration.

(See, e.g., [2-3] at 3 of 3, ¶ 10.)

The individual Plaintiffs separated from Defendant on or before May 20, 2013, and began working for Plaintiff Supply Basket on May 23, 2013.  In June and July, counsel for Plaintiffs and counsel for Defendant exchanged letters regarding Plaintiffs' new employment and their non-disclosure and non-compete obligations, if any, under the Agreements.  On September 26, 2013, Defendant filed a demand for arbitration with the American Arbitration Association ("AAA") against the individual Plaintiffs.  The following day,

2

Defendant filed in New York state court a petition for temporary restraining order in aid of arbitration.

Meanwhile, earlier on September 27, 2013, Plaintiffs filed for emergency injunctive relief and declaratory relief in the Superior Court of Gwinnett County, Georgia.  Plaintiffs' suit seeks to prevent Defendant from pursuing litigation or arbitration outside of Georgia to enforce the Agreements' covenants.  The Georgia state court denied Plaintiffs' request for emergency relief.  Defendant subsequently removed the action to this Court based on diversity jurisdiction.

Facing imminent deadlines to reply to Defendant's demand for arbitration and appear before the New York state court, Plaintiffs ask this Court to enter preliminary injunctive relief precluding Defendant from pursuing arbitration or litigation in New York.  Defendant, on the other hand, filed a motion to compel arbitration and dismiss the underlying case [3].  Defendant's motion is not before the Court for consideration at this time.

### Discussion

**II.     Request to Enjoin New York State Court Litigation**

Under the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, "[a] court of

the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Defendant argues in its response brief that the AIA prohibits this Court from enjoining the state court action in New York. (Def.'s Resp. Br., [5] at 4-5 of 7.) The Court agrees with Defendant.

Plaintiffs did not address this issue in their written submission to the Court. But during oral argument, they cited Kansas Pub. Emp. Ret. Sys. v. Reimer & Koger Assoc.s, 77 F.3d 1063 (8th Cir. 1996) for the proposition that when a defendant removes a case to federal court, it creates an exception to the AIA, and the federal court may enjoin parallel state court proceedings in foreign jurisdictions. The Court disagrees with Plaintiffs' characterization of Reimer's reach.

The removal statute, 28 U.S.C. § 1446(d), provides that after a defendant files a notice of removal with the state court, that state court "shall proceed no further unless and until the case is remanded." Thus, the statute does authorize stays of state court proceedings and falls within the first exception to the AIA. As the Reimer court noted, "[a]lthough the removal statute only commands the

state court to stay the case that was actually removed, it has been interpreted to

authorize courts to enjoin later filed state cases *that were filed for the purpose*

*of subverting federal removal jurisdiction*."  77 F.3d at 1069 (emphasis added).

In Reimer, the district court specifically found that the plaintiff's later-filed

state suit "was an attempt to subvert the removal of the earlier case."  Id. at

1070; see also Fritch v. Blazon-Fexible Flyer, Inc., 512 F.2d 899 (5th Cir. 1975)

(after removal, plaintiff was prohibited from filing essentially the same case in a

second state action to subvert federal jurisdiction); Lou v. Belzberg, 834 F.2d

730, 741 (9th Cir. 1987) (injunction of later state court filing was barred by the

AIA where district court had not found that the second suit was "fraudulent or

an attempt to subvert the purposes of the removal statute"); Billy Jack for Her,

Inc. v. New York Coat, Suit, Dress, Rainwear and Allied Workers' Union, 515

F. Supp. 456, 460 (S.D.N.Y. 1981) (injunction of later-filed state suit denied

because "[t]his is not a case where the plaintiff in the removed action has

flouted the federal court's removal jurisdiction by filing substantially the same

complaint in state court subsequent to the removal").

There is no indication here that Defendant is attempting to subvert the

purpose of the removal statute.  In fact, as the removing party, Defendant has no

5

incentive to do so (notably, the above-cited cases do not involve *defendants* filing state court actions *in other jurisdictions* post-removal).  Therefore, the Court finds <u>Reimer</u> inapposite.  Absent a showing by Plaintiffs of any other applicable exception, the AIA bars this Court from enjoining the New York litigation and Plaintiffs' request for such relief is **DENIED**.[1]

## II.    Request to Enjoin Arbitration Proceedings

A preliminary injunction is an "extraordinary and drastic remedy." <u>Zadui-Quintana v. Richard</u>, 768 F.2d 1213, 1216 (11th Cir. 1985).  To obtain a preliminary injunction, Plaintiffs must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to them unless the injunction issues; (3) that the threatened injury to them outweighs the harm to the defendant if the injunction issues; and (4) that the injunction will not disserve the public

---

[1] To the extent Plaintiffs' contention during oral argument was that the All Writs Act, 28 U.S.C. § 1651(a), gives this Court authority to enjoin the proceedings in New York state court, the Court disagrees.  "One of the main exceptions to the district court's otherwise broad power to protect its jurisdiction [under the All Writs Act] is that, in general, it may not enjoin state court proceedings to protect its ability to render judgment in ongoing *in personam* proceedings.  The simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under [the All Writs Act]."  <u>Klay v. United Healthgroup, Inc.</u>, 376 F.3d 1092, 1102-03 (11th Cir. 2004).

6

interest.  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1240 (11th Cir.

2005).  The Court finds that Plaintiffs have not satisfied this standard.

Defendant contends that under federal law and the Agreements'

arbitration clause, Plaintiffs must arbitrate this dispute.  (See generally, Def.'s

Motion to Dismiss and Compel Arbitration, [3]; Def.'s Resp. Br., [5].)  Again,

Plaintiffs have not addressed this issue in their written submission.  The issue of

the validity of the Agreements' arbitration clause was raised for the first time by

Plaintiffs at the October 21, 2013 hearing.  Plaintiffs' oral arguments did not

persuade the Court that they have a substantial likelihood of success on this

point.

As a general rule, courts should determine whether the parties are under

an obligation to arbitrate.  See Howsam v. Dean Witter Reynolds, Inc., 537 U.S.

79, 83 (2002) ("[A]rbitration is a matter of contract and a party cannot be

required to submit to arbitration any dispute which he has not agreed so to

submit.").  Under the default rule, "a court should ordinarily resolve a claim that

the arbitration clause is itself invalid, whereas an arbitrator should resolve a

claim that the entire contract is invalid."  Regal Lager, Inc. v. The Baby Club of

America, 2006 WL 3388435, No. 1:06-CV-0962-JEC, at * 3 (N.D. Ga. Nov.

21, 2006) (citing <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440, 444-45 (2006)).  But because arbitration is fundamentally a matter of contract, parties may contract around the default rule and agree that arbitrators should decide arbitrability.  <u>Id.</u> at *4 (citing <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 943-44 (1995)).

AAA Rules provide that "the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."[2]  Thus, in <u>Regal Lager</u>, Chief Judge Carnes found that where the parties' agreement specifically incorporated the rules of the AAA, they "evince[d] an intent to arbitrate the issue of arbitrability."  2006 WL 3388435, at *4 (citing <u>Terminex Int'l Co. v. Palmer Ranch</u>, 432 F.3d 1327, 1332 (11th Cir. 2005)).  Here, the arbitration clause calls for "arbitration with the American Arbitration Association pursuant to its voluntary labor rules."

------

[2] The Court is aware that the AAA applies different rules depending on the parties' arbitration agreement and the type of dispute involved.  However, after reviewing the various sets of AAA rules (e.g., Labor, Commerical, Employment, and even Non-Binding Rules), the Court found that this exact jurisdiction clause is included in all of them.  <u>See</u> AAA Rules & Procedures, http://www.adr.org/aaa/faces/rules/searchrules? (last visited Oct. 21, 2013).

8

As Plaintiffs noted during the hearing, "voluntary labor rules" does not reference a set of AAA rules currently in place.  However, the clause does call for arbitration administered by the AAA, and the AAA rules themselves determine which set of rules will apply in a particular arbitration.[3]  Plaintiffs also made passing reference during oral arguments to "lack of mutuality" regarding the arbitration clause, but again, the Court has no basis on which to conclude that Plaintiffs have a substantial likelihood of succeeding with this argument.

In sum, Plaintiffs have not shown they have a substantial likelihood of avoiding arbitration, including arbitration on the arbitrability of their claims. Consequently, preliminarily enjoining the arbitration proceedings initiated by Defendant is improper and this request for relief is **DENIED**.

---

[3] For example, the AAA, in its letter to Plaintiffs regarding Defendant's demand for arbitration, stated that the arbitration would be conducted under the Employment Arbitration Rules and Mediation Procedures.  (AAA Letter, [5-1] at 2 of 7.)  Under the Employment Rules: "The parties shall be *deemed* to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the [AAA] *or* under its Employment Arbitration Rules and Mediation Procedures *or* for arbitration by the AAA of an employment dispute without specifying particular rules." (emphasis added).

AO 72A
(Rev.8/82)

## Conclusion

Based on the foregoing, Plaintiffs' Emergency Motion for Preliminary Injunctive Relief [2] is **DENIED**.  Defendant's Motion to Dismiss and Compel Arbitration [3] remains pending before the Court.

**SO ORDERED**, this ___22nd___ day of October, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

10